**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| MICAH B., | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cv-78 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | Magistrate Judge Peter B. Silvain, Jr. |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. NO.
18); ADOPTING, IN FULL, THE REPORT AND RECOMMENDATION (DOC.
NO. 17); AND TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the Court on the Objection to the

Magistrate Judge's Report and Recommendation (the "Objection") (Doc. No. 18), filed by Plaintiff

Micah B. ("Plaintiff") in response to Magistrate Judge Peter B. Silvain, Jr.'s Report and

Recommendation (the "Report") (Doc. No. 17).  As Magistrate Judge Silvain explained in the

Report, Plaintiff applied to the Social Security Administration (the "SSA") for Child Disability

Benefits ("CDB") in April of 2021 and Disability Insurance Benefits ("DIB") in September of

2023, alleging disability beginning on October 31, 2009, due to autism. (Doc. No. 17 at PageID

875.) After Plaintiff's applications were denied, he requested a telephone hearing before

Administrative Law Judge Nicholas J. Schwalbach ("ALJ Schwalbach"). Following the hearing,

ALJ Schwalbach issued an agency decision denying Plaintiff's applications for CDB and DIB.

(Doc. No. 8-2 at PageID 62–73.) Subsequently, on review of ALJ Schwalbach's decision, the

Administrative Appeals Council (the "AAC") issued the final decision of the Commissioner of

1

Social Security, conclusively denying Plaintiff's applications for CDB and DIB.  (Doc. No. 8-2 at PageID 28–30.)

In the Report, Magistrate Judge Silvain recommended that Plaintiff's Statement of Specific Errors (Doc. No. 11) be overruled and the Commissioner's decision be affirmed.  (Doc. No. 17 at PageID 887.)  Plaintiff timely filed his Objection to the Report (Doc. No. 18), and Defendant did not file a response to Plaintiff's Objection. Thus, this matter is ripe for review and decision.

If a party objects within the allotted time to a United States magistrate judge's report and recommendation, then the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* In Social Security DIB appeals, the Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards."[1] *Winn v. Comm'r. of Soc. Sec.*, 615 Fed. App'x. 315, 320 (6th Cir. 2015) (internal quotation marks omitted). "The Commissioner's decision satisfies the substantial evidence requirement if the decision is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Gayheart v. Comm'r. of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013)). Notably, "a substantiality of evidence evaluation does not permit a selective reading of the record." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 641 (6th Cir. 2013). Instead, "[s]ubstantiality of the evidence must be based upon the record taken as a whole." *Id.* (quoting *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984)).

---

[1] Plaintiff does not argue ALJ Schwalbach applied in improper legal standard. The Court, therefore, limits its analysis to whether ALJ Schwalbach's decision is supported by substantial evidence.

The Court first notes that Plaintiff's objections are aimed not at Magistrate Judge Silvain's Report, but rather at ALJ Schwalbach's conclusions. (*See, e.g.*, Doc. No. 18 at PageID 889 ("The ALJ erred in mischaracterizing evidence of record and failing to consider reasons for not seeking medical treatment.").) As a general rule, "objections to an R&R must address errors in the Magistrate Judge's R&R, not just the underlying ALJ's decision." *Cooper v. Comm'r of Soc. Sec.*, No. 20-11855, 2021 WL 3928943, at *1 n. 1 (E.D. Mich. Sept. 2, 2021). The Court nevertheless construes Plaintiff's objections as ones lodged against the Report, as other courts have done. *Id*.

From what the Court can gather, Plaintiff believes ALJ Schwalbach's determination was not supported by substantial evidence for two reasons. (Doc. No. 18 at PageID 889.) First, in making his determination regarding Plaintiff's limitations in understanding, remembering, and applying information, ALJ Schwalbach cited to a "mental status exam"—an exam which, according to Plaintiff, was never conducted. (*Id*. at PageID 890, 892.) Second, Plaintiff takes issue with ALJ Schwalbach's purported mischaracterization of the record as a whole when analyzing Plaintiff's symptoms pursuant to SSR 16-3p. (*Id*. at PageID 891.) The Court addresses each argument in turn.

For his first point of error, Plaintiff avers ALJ Schwalbach relied on certain records in determining "the mental status exams had shown no deficits in [Plaintiff's] memory or fund of knowledge. However, review of the two pages cited shows no mental status exam, no memory testing, and information that brings into question his statement concerning no deficit in fund of knowledge." (*Id*. at PageID 892.) True, in the relevant section of his decision, ALJ Schwalbach cites to exhibit number "B2F/14–15," which is a cognitive evaluation report conducted at Darke County Educational Service Center, not the mental status exam ALJ Schwalbach addresses substantively. (*See* Doc. No. 8-2 at PageID 65 (citing Doc. No. 8-8 at PageID 626–27).) However,

the contents of the same section of ALJ Schwalbach's decision make it abundantly clear that this was a mere citation error. In the second, third, and fourth paragraphs of his step five analysis, ALJ Schwalbach concludes that "[Plaintiff's] mental status exams have shown no deficits in his memory or fund of knowledge[,]" a conclusion he arrived at by reviewing WAIS-IV cognitive tests performed in 2013 and 2021. (Doc. No. 8-2 at PageID 65–66.) Contrary to Plaintiff's contention, those exams were indeed performed, and ALJ Schwalbach relied on those exams, but he simply cited to the incorrect medical record in his decision. (*See* Doc. Nos. 8-11 at PageID 822–23 (2013 WAIS-IV exam results); 8-8 at PageID 667–73 (2021 WAIS-IV exam results).)[2] Stated differently, based on his review of the mental status exams performed in 2013 and 2021, ALJ Schwalbach concluded Plaintiff's results showed no deficits in memory or fund of knowledge, even if he inadvertently cited to the incorrect medical records. (Doc. No. 8-2 at PageID 65–66.) That ALJ Schwalbach cited to medical records which do not support his conclusions does not, in itself, invalidate his opinion, so long as his findings are nevertheless supported by substantial evidence. *See Newman v. Comm'r of Soc. Sec.*, No. 5:22-CV-01982, 2023 WL 7092886, at *12 (N.D. Ohio Sept. 20, 2023), *R. & R. adopted*, 2023 WL 7048737 (N.D. Ohio Oct. 26, 2023). The Court is of the opinion that such is the case here.

For his second argument, Plaintiff essentially reiterates a position asserted in his Statement of Errors. (Doc. No. 18 at PageID 891–92.) Plaintiff takes issue with ALJ Schwalbach's symptom evaluation conducted pursuant to SSR 16-3p. (*Id.*) More specifically, Plaintiff maintains that ALJ Schwalbach was selective in his inclusion of certain portions of the record in his symptom

---

[2] As explained in greater detail in Magistrate Judge Silvain's Report, ALJ Schwalbach also incorrectly states, "[Plaintiff's] Verbal Comprehension score was 89" when referring to Plaintiff's WAIS-IV 2021 exam results. (Doc. No. 8-2 at PageID 66.) However, a review of Plaintiff's 2021 exam results shows Plaintiff's verbal comprehension score was, in fact, 78. (Doc. No. 8-8 at PageID 673.) Because ALJ Schwalbach correctly represents Plaintiff's results in the succeeding paragraphs of his decision, the Court does not find this clerical error to be grounds for reversal.

evaluation. However, as aptly explained in the Report, "[w]hile Plaintiff is correct that [ALJ Schwalbach] does not specifically mention the SSR 16-3p and 20 C.F.R. § 404.1529(c)(3) factors, a review of his decision demonstrates that he did consider the factors that were relevant to Plaintiff's case." (Doc. No. 17 at PageID 885.) The Court here agrees with Magistrate Judge Silvain. "The ALJ need not analyze all seven factors, only those germane to the alleged symptoms." *Thornton v. Comm'r of Soc. Sec.*, No. 1:25-CV-00712, 2025 WL 4088083, at *10 (N.D. Ohio Nov. 25, 2025), *R. & R. adopted*, 2026 WL 228726 (N.D. Ohio Jan. 28, 2026); *see also Hall v. Comm'r of Soc. Sec.*, No. 1:19-CV-1727, 2020 WL 6778012, at *2 (N.D. Ohio Nov. 18, 2020) ("[The plaintiff] argues the ALJ provided evidence that doesn't paint the entire picture. But courts must affirm the Commissioner's decision if it is supported by substantial evidence, even if substantial evidence supports the opposite conclusion."). And as delineated comprehensively in the Report, ALJ Schwalbach analyzed all factors germane to Plaintiff's condition in reaching his symptom evaluation conclusions. (*See* Doc. No. 17 at PageID 885–86.)

Ultimately, the Court agrees with Magistrate Judge Silvain's findings in this case, and Plaintiff's Objection is not well-taken.  Moreover, the Court finds that the SSA's final decision regarding Plaintiff's applications for CDB and DIB is founded in relevant evidence such that a reasonable mind could accept the decision as adequately supported.

Therefore, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (Doc. No. 18) is **OVERRULED**.  The Court **ACCEPTS** the findings and recommendations made by Magistrate Judge Silvain, **ADOPTS** the Report and Recommendation (Doc. No. 17), and rules as follows:

1. The Commissioner's decision is **AFFIRMED**; and

2. The Clerk is directed to **TERMINATE** this case on the Court's docket.

5

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, March 2, 2026.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE